Brian P. R. Eisenhower
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006-3776
Tel: (212) 669-0617
Email: beisenhower@hillrivkins.com
*Attorneys for Plaintiff*

ENDORSEMENT

Motion granted.

*[Signed] Naomi Reice Buchwald, USDJ*

March 18, 2025

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

DYSON, INC.,

       Plaintiff,

v.

DANMAR LINES LTD.,

       Defendant / Third-Party Plaintiff,

v.

YANG MING SHIPPING PHILIPPINES, INC.,

       Third-Party Defendant.

Case No. 1:24-cv-704

**UNOPPOSED MOTION
TO JOIN STARR INTERNATIONAL
(EUROPE) LIMITED AS AN
ADDITIONAL PLAINTIFF**

Plaintiff, Dyson, Inc., by and through its attorneys Hill Rivkins LLP, pursuant to Federal Rules of Civil Procedure 15(a)(2), 17(a)(3), and 25(c) and in accordance with Paragraph 3 of the Civil Case Management Plan and Scheduling Order (ECF no. 30), moves this Court before the Honorable Naomi Reice Buchwald, United States District Judge, for leave to file an amended complaint joining subrogated cargo underwriter Starr International (Europe) Limited as an additional plaintiff, and such other, further, or different relief as the Court may deem appropriate.

Case 1:24-cv-00704-NRB    Document 31    Filed 02/21/25    Page 2 of 3

In accordance with Paragraph 2(C)(4) of the Court's Individual Practices and Local Civil Rule 15.1, a clean copy (Exhibit 1) and a redlined version (Exhibit 2) of the proposed Amended Complaint are submitted herewith.

The undersigned attorney for Plaintiff has confirmed with the respective attorneys for Defendant / Third-Party Plaintiff, Danmar Lines Ltd., and Third-Party Defendant, Yang Ming Shipping Philippines, Inc., that the request to join Starr International (Europe) Limited as a plaintiff is unopposed.

Dated:  New York, New York
        February 21, 2025

                                            Respectfully submitted,

                                            HILL RIVKINS LLP
                                            *Attorneys for Plaintiff*

                                    By:     S/ Brian P. R. Eisenhower
                                            Brian P. R. Eisenhower
                                            45 Broadway, Suite 2110
                                            New York, NY 10006-3776
                                            Tel: (212) 669-0617
                                            Email: beisenhower@hillrivkins.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2025, I caused the foregoing to be served via the Court's ECF system on the following counsel of record for all other parties:

SPECTOR RUBIN, P.A.
*Counsel for Defendant / Third-Party Plaintiff,*
*Danmar Lines Ltd.*

Andrew Spector, Esq.
3250 Mary Street, Suite 405
Miami, FL 33133
Tel: (305) 537-2000
andrew.spector@spectorrubin.com

MAHONEY & KEANE, LLP
*Counsel for Third-Party Defendant,*
*Yang Ming Shipping Philippines, Inc.*

Garth S. Wolfson
40 Worth Street, Suite 602
New York, New York 10013
Tel: (212) 385-1422
gwolfson@mahoneykeane.com

/s/ Brian P. R. Eisenhower

# Exhibit 1

Brian P. R. Eisenhower
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006-3776
Tel: (212) 669-0617
Email: beisenhower@hillrivkins.com
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DYSON, INC. and STARR INTERNATIONAL (EUROPE) LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>DANMAR LINES LTD.,<br><br>Defendant / Third-Party Plaintiff,<br><br>v.<br><br>YANG MING SHIPPING PHILIPPINES, INC.,<br><br>Third-Party Defendant. | Case No. 1:24-cv-704<br><br>**AMENDED COMPLAINT** |

Plaintiffs, Dyson, Inc. and Starr International (Europe) Limited, by and through their attorneys Hill Rivkins LLP, as and for their Complaint against the above-named defendant, alleges upon information and belief as follows:

1. This action arises from a multimodal shipment which included 1,504 cartons containing vacuum cleaners that were tendered in good order and condition to Defendant, and/or one of its agents and/or subcontractors for which it is liable (the "Cargo").

2.  The Cargo was to be transported from the Philippines to Illinois, in part by ocean carriage.

3.  This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

4.  The U.S. District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clauses contained in the applicable sea waybill, the operative terms and conditions of service, and/or the contracts of carriage for the shipment at issue.

5.  Defendant has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum-selection clauses.

6.  At all times relevant hereto, plaintiff Dyson, Inc. was and now is a corporation or other business entity organized and existing by virtue of Illinois law, with an office and place of business at 1330 West Fulton Street, 5th Floor, Chicago, Illinois 60607.

7.  At all times relevant hereto, plaintiff Starr International (Europe) Limited ("Starr") was and now is a private limited company or other business entity organized and existing by virtue of the law of the United Kingdom, with an office and place of business at 4th Floor, 30 Fenchurch Avenue, London, United Kingdom, EC3M 5AD.

8.  Upon information and belief, at all times relevant hereto, defendant Danmar Lines Ltd. was and now is a corporation or other business entity organized and existing under the laws of Switzerland, licensed by the U.S. Federal Maritime Commission (organization no. 028623) and engaged in business as a non-vessel-operating common carrier ("NVOCC") of goods for hire, and issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels, with an office and place of business in Switzerland.

9. At all times relevant hereto, Dyson, Inc. was the consignee and/or owner of the Cargo.

10. Starr, as underwriter of a certain policy of cargo insurance providing coverage to Dyson entities, paid a claim for the loss at issue, accounting for a deductible, and was subrogated to and assigned Dyson's rights, remedies, and causes of actions with respect to the Cargo, including those asserted against Defendant herein.

11. Plaintiffs bring this subrogation action on their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

12. In or about March 2023, the Cargo was tendered, in good order and condition and suitable in every respect for the intended transportation, to Defendant, and/or one of its agents and/or subcontractors for which it is liable, who received, accepted and agreed to transport the Cargo, in part by ocean carriage, for certain valid consideration from Manila, Philippines, to Illinois under Danmar Lines express sea waybill no. MNLA14589.

13. The Cargo was transported in a forty-foot shipping container, number YMMU6633554 ("Container").

14. When the Container was received in the Philippines by the Defendant, and/or one or more of its agents and/or contractors for which it is liable, it was sealed and the seal number was YMAL104719.

15. In Illinois, prior to delivery, it was discovered that the Container was missing a seal and some of the vacuum cleaners.

3

16. When the Container arrived at destination, it was found to be missing 631 cartons of vacuum cleaners that had been in the Container at origin.

17. Defendant, and/or one or more agents and/or subcontractors for which it is liable, failed to exercise reasonable care and diligence by failing to take adequate precautions and/or properly protect the Cargo from theft.

18. By reason of the premises, Defendant, and or one or more subcontractors for which it is liable: failed to deliver the Cargo in the same good order and condition as it was received; breached its statutory, contractual, and/or common law duties and obligations as common carriers, NVOCCs, and/or bailees of the Cargo; was negligent and careless in their handling of the Cargo; and was otherwise at fault and/or liable for the damages alleged herein.

19. Plaintiffs have duly performed all of the duties, obligations, and conditions precedent to be performed on its part.

20. By reason of the premises, Plaintiffs have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $236,625.00.

**WHEREFORE**, Plaintiffs pray:

(i) that process in due form of law according to the practice of this Court may issue against Defendant, citing them to appear and answer the foregoing;

(ii) that judgment be entered in favor of Plaintiffs against Defendant in the amount of $236,625.00, together with costs, interest, and reasonable attorney's fees; and

(iii) for such other and further relief as this Court may deem just and proper under the circumstances.

Dated: New York, New York
February 21, 2025

                           HILL RIVKINS LLP
                           *Attorneys for Plaintiffs*

By:    S/ Brian P. R. Eisenhower
         Brian P. R. Eisenhower
         45 Broadway, Suite 2110
         New York, New York 10006-3776
         Tel: (212) 669-0617
         Email: beisenhower@hillrivkins.com

Case 1:24-cv-00704-NRB   Document 31-2   Filed 02/21/25   Page 1 of 6

# Exhibit 2

Case 1:24-cv-00704-NRB    Document 31-2    Filed 02/21/25    Page 2 of 6

Brian P. R. Eisenhower
HILL RIVKINS LLP
45 Broadway, Suite 2110
New York, NY 10006-3776
Tel: (212) 669-0617
Email: beisenhower@hillrivkins.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DYSON, INC. and STARR INTERNATIONAL (EUROPE) LIMITED, <br><br> Plaintiffs, <br><br> v. against <br><br> DANMAR LINES LTD., <br><br> Defendant / Third-Party Plaintiff, <br><br> v. <br><br> YANG MING SHIPPING PHILIPPINES, INC., <br><br> Third-Party Defendant. | Case No. 1:24-cv-704 <br><br> **AMENDED COMPLAINT** |

Plaintiffs, Dyson, Inc. and Starr International (Europe) Limited, by and through their its attorneys Hill Rivkins LLP, as and for its their Complaint against the above-named defendant, alleges upon information and belief as follows:

1. This action arises from a multimodal shipment which included 1,504 cartons containing vacuum cleaners that were tendered in good order and condition to Defendant, and/or one of its agents and/or subcontractors for which it is liable (the "Cargo").

2. The Cargo was to be transported from the Philippines to Illinois, in part by ocean carriage.

3. This action is comprised of admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and this Honorable Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1333.

4. The U.S. District Court for the Southern District of New York is the proper venue for this action by virtue of the forum-selection clauses contained in the applicable sea waybill, the operative terms and conditions of service, and/or the contracts of carriage for the shipment at issue.

5. Defendant has consented to the personal jurisdiction of this Honorable Court by virtue of the same forum-selection clauses.

6. At all times relevant hereto, plaintiff Dyson, Inc. ~~("Dyson")~~ was and now is a corporation or other business entity organized and existing by virtue of Illinois law, with an office and place of business at 1330 West Fulton Street, 5th Floor, Chicago, Illinois 60607.

~~6.~~7. <ins>At all times relevant hereto, plaintiff Starr International (Europe) Limited ("Starr") was and now is a private limited company or other business entity organized and existing by virtue of the law of the United Kingdom, with an office and place of business at 4th Floor, 30 Fenchurch Avenue, London, United Kingdom, EC3M 5AD.</ins>

~~7.~~8. Upon information and belief, at all times relevant hereto, defendant Danmar Lines Ltd. was and now is a corporation or other business entity organized and existing under the laws of Switzerland, licensed by the U.S. Federal Maritime Commission (organization no. 028623) and engaged in business as a non-vessel-operating common carrier ("NVOCC") of goods for hire, and issuing bills of lading and/or sea waybills for the common carriage of goods aboard certain ocean-going vessels, with an office and place of business in Switzerland.

2

9. At all times relevant hereto, Dyson, Inc. was the consignee and/or owner of the Cargo.

8.10. Starr, as underwriter of a certain policy of cargo insurance providing coverage to Dyson entities, paid a claim for the loss at issue, accounting for a deductible, and was subrogated to and assigned Dyson's rights, remedies, and causes of actions with respect to the Cargo, including those asserted against Defendant herein.

9.11. Plaintiffs brings this subrogation action on its their own behalf and, as agents and trustees, on behalf of and for the interest of all parties who may be or become interested in said shipment, as their respective interests may ultimately appear, and Plaintiffs is are entitled to maintain this action.

10.12. In or about March 2023, the Cargo was tendered, in good order and condition and suitable in every respect for the intended transportation, to Defendant, and/or one of its agents and/or subcontractors for which it is liable, who received, accepted and agreed to transport the Cargo, in part by ocean carriage, for certain valid consideration from Manila, Philippines, to Illinois under Danmar Lines express sea waybill no. MNLA14589.

11.13. The Cargo was transported in a forty-foot shipping container, number YMMU6633554 ("Container").

12.14. When the Container was received in the Philippines by the Defendant, and/or one or more of its agents and/or contractors for which it is liable, it was sealed and the seal number was YMAL104719.

13.15. In Illinois, prior to delivery, it was discovered that the Container was missing a seal and some of the vacuum cleaners.

3

Case 1:24-cv-00704-NRB   Document 31-2   Filed 02/21/25   Page 5 of 6

~~14.~~16.  When the Container arrived at destination, it was found to be missing 631 cartons of vacuum cleaners that had been in the Container at origin.

~~15.~~17.  Defendant, and/or one or more agents and/or subcontractors for which it is liable, failed to exercise reasonable care and diligence by failing to take adequate precautions and/or properly protect the Cargo from theft.

~~16.~~18.  By reason of the premises, Defendant, and or one or more subcontractors for which it is liable: failed to deliver the Cargo in the same good order and condition as it was received; breached its statutory, contractual, and/or common law duties and obligations as common carriers, NVOCCs, and/or bailees of the Cargo; was negligent and careless in their handling of the Cargo; and was otherwise at fault and/or liable for the damages alleged herein.

~~17.~~19.  Plaintiff<u>s</u> ha<u>ve</u>~~s~~ duly performed all of the duties, obligations, and conditions precedent to be performed on its part.

~~18.~~20.  By reason of the premises, Plaintiffs have sustained damages as nearly as same can now be estimated, no part of which has been paid, in the amount of $236,625.00.

**WHEREFORE**, Plaintiffs pray:

(i)     that process in due form of law according to the practice of this Court may issue against Defendant, citing them to appear and answer the foregoing;

(ii)    that judgment be entered in favor of Plaintiff<u>s</u> against Defendant in the amount of $236,625.00, together with costs, interest, and reasonable attorney's fees; and

(iii)   for such other and further relief as this Court may deem just and proper under the circumstances.

Dated:  New York, New York
        ~~January~~ February ~~3~~21, 202~~4~~5

HILL RIVKINS LLP

4

*Attorneys for Plaintiffs*

By:    S/ Brian P. R. Eisenhower
       Brian P. R. Eisenhower
       45 Broadway, Suite 2110
       New York, New York 10006-3776
       Tel: (212) 669-0617
       Email: beisenhower@hillrivkins.com